IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 12-cv-02245-LTB-BNB

MARCEL MESQUIDA,

    Plaintiff,

v.

WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST, L.P.,

    Defendant.

_____

ORDER
_____

    This matter is before me on a Motion to Dismiss filed by Defendant, Whole Foods Market Rocky Mountain/Southwest, L.P. ("Whole Foods"), in which it seeks dismissal of the First Claim for Relief filed against it by Plaintiff, Marcel Mesquida, for failure to state a claim upon which relief can be granted. [**Doc # 15**] Oral argument would not materially assist me in my determination. After consideration of the parties' arguments, and for the reason stated, I grant the motion pursuant to Fed. R. Civ. P. 12(b)(6), and dismiss Plaintiff's First Claim for Relief.

**I. Background**

    The background facts of the case are presented as they appear in Plaintiff's Second Amended Complaint (Doc. # 14) unless otherwise noted. Because I am addressing Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the well-pleaded facts alleged in Plaintiff's Second Amended Complaint are assumed to be true. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009).

Plaintiff timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and exhausted all administrative remedies. [*See* Doc. # 14, ¶¶ 2-3]. Plaintiff received a Notice of Right to Sue letter from the EEOC on April 25, 2012. [*Id.* at ¶ 4(a)]. On July 24, 2012, Plaintiff's attorney attempted to file suit by attaching his summons and complaint to an email he sent to the Clerk of this Court. [*Id.* at 4(b)]. Later the same day the Clerk notified Plaintiff's attorney that all filings, including new cases, must be submitted via the Court's ECF filing system. [*Id.*] Plaintiff's attorney, however, contends that he did not open this email until the following day because sometime after his email to the Clerk attempting to file the complaint, he was admitted to a local hospital for an overnight stay for issues related to chest pain and asthma. [*Id.* at ¶¶ (d)-(f)]. Additionally, Plaintiff's attorney contends that he did not actually read the Clerk's reply email until one month later because he "assumed [it] was the usual transmittal message." [*Id.* at ¶ (g)]. Consequently, Plaintiff's complaint, was filed on August 23, 2012, 120 days after he received the Notice of Right to Sue letter from the EEOC. [Doc. # 1].

In his complaint, Plaintiff alleges several instances of discrimination against Defendant as well as a tort claim for intentional infliction of emotional distress. [*Id.*] Defendant has filed this motion seeking to dismiss Plaintiff's employment discrimination claims alleging that they are barred by the statute of limitations. [*See* Doc. # 15].

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell v. Twombly*, 550 U.S. 544, 570, 127

S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly,* 550 U.S. at 556). "Plausibility" in this context "refer[s] to the scope of allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). As a corollary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 at U.S. at 678. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555. When deciding a motion to dismiss under Rule12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Legal conclusions, however, do not receive this treatment. *Iqbal*, 556 U.S. at 678.

### III.  Analysis

Defendant argues that Plaintiff's Title VII claims should be dismissed as time-barred because: (1) Plaintiff's claims were filed 120 days after Plaintiff received his Notice of Right to Sue letter; and (2) Plaintiff is not entitled to equitable tolling. [*See* Doc. # 15]. A plaintiff asserting a claim under Title VII must file suit within 90 days after receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The ninety-day time limit is strictly administered. *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990). Therefore, Defendant correctly asserts that Plaintiff

filed his Complaint outside of the 90-day statute of limitations. While Plaintiff admits that he filed his initial Complaint in this Court 120 days after receiving the Right to Sue letter, he argues that his Complaint should be deemed timely filed under the doctrine of equitable tolling. [Doc. # 24].

While it is not a jurisdictional prerequisite to filing suit in federal district court, the ninety-day filing requirement "is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel and equitable tolling." *Million*, 47 F.3d at 389; *see also Irwin*, 498 U.S. at 95. "Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996). For example:

> The Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

*Id.* at 1267-68 (internal quotations and citations omitted). While the Supreme Court has allowed equitable tolling in situations where the claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period, it has also determined that principles of equitable tolling do not extend to "garden variety" claims of excusable neglect. *Irwin*, 498 U.S. at 96. Thus, unintentional misdirection by an agency or court, or a misunderstanding of the law, will not suffice to apply equitable tolling of a Title VII statute of limitations. *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002). Additionally, the Tenth Circuit has specifically

suggested that exceptional "medical" circumstances justify equitable tolling only if the plaintiff "was adjudged incompetent or institutionalized." *See Biester*, 77 F.3d at 1268. In *Biester*, the circuit also held that if despite a mental condition plaintiff is capable of pursuing his claim, there is no basis for tolling. *Id.*

Here, Plaintiff claims that Plaintiff's attorney made a good faith error in attempting to file Plaintiff's suit via email. [Doc. # 24, p. 5]. He contends that Plaintiff's attorney was prevented from remedying the error by "extraordinary and utterly unexpected circumstances of a last-minute medical emergency," that resulted in an overnight stay. [*Id.*] Plaintiff also contends that Plaintiff himself was "diligent in pursuing his claim, retaining [counsel] long in advance of his filing deadline and contacting the firm repeatedly to assure that the complaint would be filed on time." [*Id*. at 6]. For these reasons Plaintiff contends that he is entitled to equitable tolling and as such the Court should find his complaint to have been timely filed. I disagree.

Plaintiff does not allege that he was lulled or misled into inaction. He has not alleged that he was either incompetent or institutionalized, nor has he demonstrated that he was incapable of pursuing his claim. Plaintiff argues that his attorney's hospitalization the afternoon the 90-day statute of limitations expired amounted to extraordinary circumstances. However, I find that this merely constitutes a "garden variety" claim of excusable neglect which does not justify application of equitable tolling in this case. Plaintiff's counsel knew well in advance of the 90-day time limit that Plaintiff had received the right to sue notice and chose to wait until the 90th day of the filing period before attempting to file the Complaint in this Court. In fact, Plaintiff's briefing specifically points out that Plaintiff was diligent in pursuing his claim and had retained counsel long in advance of the filing deadline. [*See* Doc. # 24, p. 6]. Furthermore,

5

regardless of whether Plaintiff's attorney had visited the hospital the evening of the 90th day for filing, any filing the following day would have also been outside the 90-day statute of limitations.

Based on the pleadings, none of the exceptional circumstances discussed above have been shown to apply here to warrant the application of equitable tolling. Thus, Plaintiff has failed to demonstrate any genuine issues of material fact as to the timeliness of his first claim in his complaint and, thus, I find that dismissal is appropriate.

### IV. Conclusion

Accordingly, I GRANT Defendant's Motion to Dismiss Plaintiff's First Claim for Relief (Title VII) [**Doc #15**] and, as a result, I DISMISS WITH PREJUDICE Plaintiff's First Claim for Relief pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a legally cognizable claim.

Dated: November   25  , 2013 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE